**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ANNETTE VOGELFANG,

                                 Plaintiff,

                  - against -

RIVERHEAD COUNTY JAIL, et al.,

                              Defendants.
----------------------------------------------------------X

                                 **ORDER**

                                 CV 04-1727 (SJF ) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      In a letter dated July 11, 2005, plaintiff Annette Vogelfang requested "a copy of the

minutes for June 30th 2005 at 12:30 p.m."  Docket Entry ("DE") 38.  For the reasons set forth

below, the application is denied.

      I prepared and docketed a minute entry describing the conference at issue and ordered the

defendants' counsel to serve a copy on Ms. Vogelfang.  DE 35.  I assume counsel complied, but

no further order is required to create an obligation on counsel's part to send a copy of the minute

entry to the plaintiff; if that has not yet been accomplished, I expect that counsel will cure the

oversight promptly.

      To the extent that Ms. Vogelfang's application seeks to obtain a transcript of the

proceedings, and to do so at no cost to her, the application is meritless.  No dispute currently

exists concerning the rulings I made at the telephone conference held on June 30, 2005, and

neither party has sought review by the district judge of any decision I made then pursuant to Rule

72(a).  More to the point, there is simply no legal basis for Vogelfang's request, as explained

below.

On May 6, 2004,  Vogelfang was granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(b).  DE 5.  The latter statute permits litigants who lack sufficient resources to pay the court's filing fee in advance to gain access to the courts by waiving prepayment of the usual filing fee.  A separate provision of the same statute permits the court to require the United States to pay certain expenses associated with the litigation; however, it does not require – or permit – the court to grant every such request made by a plaintiff with IFP status. 28 U.S.C. § 1915(c).  The statute provides that

> the court *may* direct payment by the United States of the expenses of ... preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code.

28 U.S.C. § 1915(c) (emphasis added).  This provision is irrelevant to Ms. Vogelfang's request because the rulings I made at the June 30 conference were non-dispositive pretrial motions related to discovery, pursuant to 28 U.S.C. § 636(a).  Additionally, there is no indication in the record that the district court has any need for such a transcript.

For the reasons stated above, Vogelfang's request to be provided with a transcript of the June 30, 2005 telephone conference is DENIED.  The foregoing ruling does not prevent Vogelfang from ordering a transcript at her own expense if she can afford to do so (which I

recognize may not be the case, in light of her IFP status).  A copy of the transcript request form is attached to this order.  Counsel for the defendants is directed to serve a copy of this order on the plaintiff.

**SO ORDERED.**

Dated: Central Islip, New York
       August 4, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge