UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

ANNETTE VOGELFANG,

                        Plaintiff,

            -against-

RIVERHEAD COUNTY JAIL OFFICERS, SGT.
THOMAS HENNESSEY BADGE #139, SGT. AITKEN,
SGT. TURPIN, LT. NOLAN, OFFICER KRIS
KEIRNAN AT LEAST (6 John and Jane Doe Officers),

                        Defendants.
----------------------------------X

**OPINION & ORDER**
04-CV-1727 (SJF) (AKT)

FEUERSTEIN, J.

I.    Introduction

Plaintiff Annette Vogelfang ("Vogelfang") seeks damages under 42 U.S.C. §1983 for: a) an alleged sexual assault by defendant Sgt. Thomas Hennessey on September 5, 2001; b) an alleged beating by five unnamed "John Doe" officers the same day; and c) a purported assault by defendants Nolan, Aitken, Turpin, Keirnan and other corrections personnel on April 27, 2003.

Based upon Vogelfang's failure to comply with 42 U.S.C. §1997(e), the Prisoner Litigation Reform Act, the complaint is dismissed.

II.    Facts

Vogelfang has been incarcerated in the Suffolk County Correctional Facility ("SCCF") for numerous periods of time, including the periods from July 31, 2001 - October 2, 2001 and December 17, 2002 - April 30, 2003.

Upon her admission to the SCCF on July 31, 2001, Vogelfang signed a booking sheet

-1-

beneath the words "I have also received a telephone call and the SCCF Inmate Rules and Regulations Booklet and Admission Kit," acknowledging her receipt of said booklet which outlines the inmate grievance procedure. This procedure provides for the filing of written grievance forms by inmates.

Although plaintiff filed numerous grievances during her incarceration, she concedes that she never filed any written grievances concerning the alleged sexual assault and beating of September 5, 2001, or the purported assault of April 27, 2003.

Title 42 U.S.C. §1997(e), commonly known as the Prisoner Litigation Reform Act ("PLRA"), provides "that no action shall be brought with respect to prison conditions under Section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Giano v. Goord, 380 F.3d 670, 675 (2d Cir. 2004). This exhaustion requirement, as the Supreme Court articulated in Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), "applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong." Id. at 532, 122 S.Ct. 992. The PLRA applies to suits for money damages even though damages are not available through administrative grievance proceedings. Furthermore, all levels of the administrative procedure must be exhausted prior to commencement of the suit. Thomas v. Cassleberry, 315 F. Supp 2d 301, 302 (W.D.N.Y. 2004) (citing, Neal v. Goord, 267 F.3d 116, 122 (2d Cir.2001)).

Since Vogelfang commenced this action on April 22, 2004 without exhausting the administrative remedies available to her under the Inmate Grievance Program, dismissal of this action under the PLRA is required.

## IV. Conclusion

Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 is granted and plaintiff's complaint is dismissed. In light of the foregoing, plaintiff's application for the appointment of counsel is denied as moot. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Sandra J. Feuerstein
United States District Judge

Dated: March 5th, 2007
Central Islip, New York

Copies:

Annette Vogelfang
03G0422
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, NY 10507

Arlene S. Zwilling, Esq.
Christine Malafi, Suffolk County Attorney
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788