| UNITED STATES DISTRICT COURT | CIVIL CONFERENCE |
|---|---|
| EASTERN DISTRICT OF NEW YORK | MINUTE ORDER |

| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 12/2/09 |
|---|---|---|---|
| | U.S. MAGISTRATE JUDGE | TIME: | 2:00 PM |

*Vogelfang -v- County of Suffolk*, *et al.*, **CV 04-1727 (SJF) (AKT)**

TYPE OF CONFERENCE: TELEPHONE CONFERENCE

APPEARANCES: Plaintiff   Annette Vogelfang, PRO SE

Defendant   Arlene Zwilling

SCHEDULING:

The next telephone conference is scheduled for February 12, 2010 at 10:00 a.m. Defendant's counsel is requested to make the necessary arrangement with the correctional facility for this call.

THE FOLLOWING RULINGS WERE MADE:

1. Today's conference was scheduled pursuant to Judge Feuerstein's November 6, 2009 Order to address the completion of the pretrial phase of this case. Subsequent to the issuance of Judge Feuerstein's November 6, 2009 Order, I have received (1) Plaintiff's motion [DE 150] to reopen discovery for the purpose of deposing all named Defendants, and (2) Plaintiff's motion [DE 152] for leave to introduce expert testimony from one or more doctors. By letter dated December 2, 2009 [DE 151], Defendants oppose Plaintiff's motion to reopen discovery but do not oppose Plaintiff's request to introduce an expert witness.

2. During today's conference, I spent considerable time discussing with the parties the procedural history of this case and, in particular, certain orders previously issued by Magistrate Judge Orenstein pertaining to discovery, including the November 17, 2005 Order [DE 74]; the December 28, 2005 Order [DE 81]; and the February 7, 2006 Order [DE 91], as well the various motions for summary judgment and decisions on those motions. As per Judge Orenstein's Order [DE 74], discovery in this case was closed as of November 17, 2005, with the exception that Defendants' receipt of Plaintiff's additional medical records could make additional discovery appropriate. *See* DE 74, ¶ 4.

3. During today's conference, I explained that Plaintiff must show "good cause" for the Court to grant leave to reopen discovery. After a lengthy discussion with the parties as to why Plaintiff did not previously depose Defendants and why she should be permitted to do so at this stage, I am GRANTING, in part, Plaintiff's motion [DE 150] to reopen discovery. Plaintiff may submit questions to be answered under oath by Defendants Lieutenant Nolan, Officer Keirnan and Sergeant Aitken (whom Plaintiff identified as the individuals most closely associated with the 2003 incident at issue in this case). Plaintiff may submit a maximum of 25 questions to each of the three Defendants. As I explained today, these questions must be tailored specifically and narrowly to the 2003 incident and must be directed to obtaining specific evidence to support her claims regarding that incident. Plaintiff must mail these questions to Defendants' counsel by **December 18, 2009**. Defendants shall serve their answers by **February 5, 2010**.

4. After a lengthy discussion with the parties as to why Plaintiff did not previously disclose that she wishes to introduce expert medical testimony and why she should be permitted to do so at this stage, I am GRANTING, in part, Plaintiff's motion [DE 152] to introduce expert medical testimony. By **December 31, 2009**, Plaintiff is to send a letter to the Court (with a copy to Defendants' counsel) stating (1) the medical conditions for which she has been treated since she last produced medical records to Defendants; (2) the name of each doctor who has treated her, the doctor's address (to the extent Plaintiff has this information) or at least the town in which Plaintiff saw the physician for treatment, and the conditions for which each doctor has treated her; and (3) which witness Plaintiff intends to designate as her medical expert in this case. Upon receipt of this letter, Defendants' counsel is to immediately send to Plaintiff HIPPA-compliant release forms. Plaintiff is to immediately sign these forms and return them to Defendants' counsel. When Defendants' counsel receives Plaintiff's additional medical records, she can decide whether to depose the various doctors. In addition, Defendant's counsel is directed to notify the Court upon receipt of the additional medical records, and the Court will schedule a further telephone conference to discuss the completion of expert discovery in this case. If Defendant's counsel has not received the majority of the medical records at issue by **February 5, 2010**, then Defendant's counsel is to advise the Court accordingly.

5. Defendants' counsel is directed to serve a copy of this Order upon *Pro Se* Plaintiff at her current address forthwith and to file proof of service on ECF.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge